IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB ASH HOLDINGS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 10-0066 |
| | ) |
| WINTER CONCEPTS, INC., | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

Gary L. Lancaster,
Chief Judge.                                      February 25, 2010

    This is a action breach of contract. Plaintiff, Jacob Ash
Holdings, Inc., alleges that defendant, Winter Concepts, Inc.,
breached an agreement by failing to make payment for products,
specifically a certain "Ed Hardy" line of winter hats and gloves,
that plaintiff manufactured and delivered to defendant's customers.
Before the court are plaintiff's motion for temporary restraining
order and a preliminary injunction and supplemental motion for
temporary restraining order and preliminary injunction.  Plaintiff
asks the court to impose a constructive trust on all accounts
receivable due to defendant and on any product that defendant has
in its possession.  Defendant has filed no response to the motions,
nor has it pled in response to the complaint.

    For the reasons that follow, the motions will be denied.

I.   LEGAL AUTHORITY

"'[T]he grant of injunctive relief is an extraordinary remedy ... which should be granted only in limited circumstances.'" American Tel. & Tel. Co. v. Winback & Conserve Program, Inc. , 42 F.3d 1421, 1427 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)). To obtain a temporary restraining order or preliminary injunction under Fed. R. Civ. P. 65, the moving party must show: (1) a likelihood of success on the merits; (2) the extent to which it will suffer irreparable harm without injunctive relief; (3) the extent to which the non-moving party will suffer irreparable harm if the injunction is issued; and (4) that granting relief will be in the public interest. Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 342 F.3d 191, 196 (3d Cir. 2003) (internal citation and quotation omitted).[1]   An injunction should issue only if plaintiff meets its burden in producing evidence sufficient to convince the district court that all four factors favor preliminary relief. American Tel., 42 F.3d at 1427 (3d Cir. 1994).

Such injunctive relief is not a matter of right. A district court's decision to issue a preliminary injunction is committed to the court's sound discretion.  The facts must clearly

---

[1]

The standard for a temporary restraining order is the same as that for a preliminary injunction. McCullough v. Miller, No. 06-514, 2007 WL 4191974, *1 n.3 (W.D. Pa. Nov. 21, 2007) (citations omitted).

2

Case 2:10-cv-00066-GLL Document 10 Filed 02/25/10 Page 3 of 7

`

support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. <u>United States v. Stazola</u>, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff as the moving party bears the burden of establishing a "clear showing of irreparable injury." <u>Hohe v. Casey</u>, 868 F.2d 69, 72 (3d Cir. 1989).

## II.   DISCUSSION

At this juncture, and based on the uncontradicted allegations contained in the complaint and supporting documentation, it cannot be said that the complaint is frivolous. However, based on the present record, plaintiff has not established the prerequisites to obtain relief under Rule 65.

## A. Likelihood of success

First, the court finds that there is a reasonable likelihood of success on plaintiff's claim that defendant has breached the contract. The court finds that plaintiff is likely to succeed in showing that defendant has lost all rights it had to license the Ed Hardy products at issue under the contract at issue in this case. The court takes judicial notice of another lawsuit filed by Nervous Tattoo, Inc. against defendant in the United States District Court for the Central District of California. <u>See</u> <u>Hardy Way, LLC, et al. v. Winter Concepts, Inc., et al</u>, C.A. No. 10-cv-0250 (C.D. Cal. 2009). In that suit, Nervous Tattoo contends

that it terminated defendant's license to market and distribute Ed Hardy Products in September 2009.  In short, plaintiff has shown a reasonable probability of success on the merits of the breach of contract claim.

## B. Harm to plaintiff

However, plaintiff does not meet the second prong of showing irreparable harm.  Plaintiff requests that this court impose a constructive trust in granting the motion for a preliminary injunction.  A constructive trust "is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest equity converts him into a trustee."  Spinner v. Fulton, 777 F.Supp. 398, 402 (M.D.Pa. 1991) (citations omitted).  In Pennsylvania, as in most jurisdictions, "a court sitting in equity is imbued with considerable discretion in determining whether a constructive trust is appropriate . . . . the essential finding is that the constructive trust is necessary to prevent unjust enrichment." Id.

Here, defendant admits in the California lawsuit that it is currently unable to meet its credit obligations.  Plaintiff claims that defendant owes it more than $670,000, and that the trust "will prevent Winter Concepts from being unjustly enriched by

4

collecting monies from ... customers or otherwise selling product when it has not paid Jacob Ash and when Jacob Ash, and Jacob Ash alone, incurred all manufacturing and delivery costs involved." Plaintiff argues that if a constructive trust is not imposed, it "may well suffer a complete and total loss of not only its up-front investment, but of all money and time expended in making, packaging and delivering product."

However, plaintiff does not show that the legal remedy is inadequate to achieve the relief it seeks. This case is fundamentally a business dispute between two parties for failure to pay for goods delivered. There is nothing inherently unique about the goods plaintiff has manufactured and delivered. Plaintiff's proper remedy is a monetary judgment from this court. As a result, plaintiff fails the second prong in that it does not show irreparable harm.

C. Harm to defendant

In considering the third factor of whether granting the preliminary relief will result in greater harm to the non-moving party, we must balance the harm to plaintiff if the injunction were not issued against the harm to defendant if it were issued improvidently. Here, the requested injunction would in effect place all accounts receivable and products defendant has in its possession into a constructive trust controlled by plaintiff. Such

5

an action would be disproportionately harmful to defendant.

D. Public Interest

Finally, the court finds that an injunction would not serve the public interest. Granting the injunction would provide plaintiff with relief apart from the legal remedy available to it. Granting plaintiff's request could encourage other plaintiffs to pursue a constructive trust when other remedies are available.

III.   Conclusion

In sum, plaintiff has established that it has a reasonable probability of success on the merits, but fails to meet the other three requirements of a preliminary injunction. Failure to satisfy all four requirements is fatal to the request for a preliminary injunction.

Accordingly, plaintiff's request for a temporary restraining order or preliminary injunction will be denied.

An appropriate order follows.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACOB ASH HOLDINGS, INC.,        )
                                 )
            Plaintiff,           )
                                 )
      v.                         )   Civil Action No. 10-0066
                                 )
WINTER CONCEPTS, INC.,           )
                                 )
            Defendant.           )

ORDER

And now, on this 25th day of February, 2010, it is HEREBY
ORDERED that plaintiff's motion for a temporary restraining order
and preliminary injunction [Doc. No. 3] and supplemental motion for
a temporary restraining order and preliminary injunction [Doc. No.
8] are DENIED.

BY THE COURT:

_____, J.

cc: All counsel of record